**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEFFREY SCOTT ALRIDGE,

Petitioner,

vs. Case No.: 3:16-cv-779-MMH-MCR
3:07-cr-351-MMH-MCR

UNITED STATES OF AMERICA,

Respondent.

---

# ORDER

This case is before the Court on Petitioner Jeffrey Scott Alridge's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1; § 2255 Motion) and Supporting Memorandum (Civ. Doc. 14; Memorandum).[1] Alridge pled guilty to one count of being a felon in possession of a firearm, and the Court sentenced him to a term of 180 months in prison after determining he was an armed career criminal. (See Crim. Doc. 57; Judgment). Alridge raises a single claim: that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 15; Response), and Alridge has replied (Civ. Doc. 16; Reply). Thus, the matter is ripe for review.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255

---

[1] Citations to the record in the underlying criminal case, United States v. Jeffrey Scott Alridge, No. 3:07-cr-351-MMH-MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-779-MMH-MCR, will be denoted as "Civ. Doc. __."

Proceedings[2], the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons set forth below, Alridge's § 2255 Motion is due to be denied.

## I. The ACCA and Johnson

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated offense" clause, and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016).

In Johnson v. United States, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offense clause remain unaffected. Id. at 2563. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on Johnson, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. Beeman v. United States, 871 F.3d 1215, 1220-22 (11th Cir. 2017).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the

residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. Thus, court decisions rendered afterward holding that an offense does not qualify under the elements clause or the enumerated offense clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can prove that the sentencing court relied on the residual clause by pointing to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will "sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement," such as statements in the presentence investigation report (PSR) or concessions by the prosecutor that the elements clause and enumerated offense clause were inapplicable. Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

The Eleventh Circuit has clarified that for purposes of applying Beeman, the scope of the historical record includes the record through direct appeal. Weeks v. United States, 930 F.3d 1263, 1275 (11th Cir. 2019). The court held that

> in a § 2255 motion asserting a Samuel Johnson claim where the claimant challenged his ACCA sentencing enhancement on direct appeal, … it is appropriate to consider the record of what transpired at sentencing and through the pendency of the direct appeal, as well as the legal landscape through that time.

Weeks, 930 F.3d at 1280. "[I]t is necessary in such a case to look to the record and binding precedent through the time of direct appeal to determine whether the claimant has shown 'that—more likely than not—it was use of the residual clause that led to the ... enhancement of his sentence.'" Id. at 1275 (quoting Beeman, 871 F.3d at 1222).

## II. Discussion

Alridge is not entitled to relief from his ACCA sentence because he has not carried his threshold burden under Beeman. Nothing in the PSR or the sentencing transcript (Crim. Doc. 61; Sentencing Transcript) suggests, directly or indirectly, that the Court relied on the residual clause at the time it sentenced Alridge.

When Alridge pled guilty, he admitted to being an armed career criminal and acknowledged that he was subject to a mandatory minimum sentence of 15 years in prison. (Crim. Doc. 67; Plea Transcript at 11-13). The PSR recommended that Alridge be sentenced as an armed career criminal, a finding to which Alridge did not object. See Sentencing Transcript at 2-5, 6. Alridge admitted that he had prior felony convictions for the following offenses (each under Florida law): (1) robbery, for which he was convicted on or about April 7, 1993; (2) possession of cocaine, for which he was convicted on or about July 25, 1991; (3) sale or delivery of cocaine, for which he was convicted on or about March 2, 1990; (4) possession of cocaine with intent to sell, for

which he was convicted on or about December 22, 1988; (5) burglary of a structure, for which he was convicted on or about June 27, 1988; and (6) burglary of a structure, for which he was convicted on or about May 11, 1987. Plea Transcript at 15-16; PSR at ¶ 6. Neither the Court, the United States, Alridge, nor the Probation Office identified which of these convictions counted as ACCA predicates, probably because Alridge simply admitted he was an armed career criminal. Nor did the Court or the parties discuss whether the residual clause, the elements clause, the enumerated offense clause, or the "serious drug offense" provisions of the ACCA were applicable. Alridge does not point to anything in the record showing that the Court relied on the residual clause when it imposed the ACCA enhancement. Nor does Alridge point to anything in the record showing that the Court or the parties considered the elements clause, the enumerated offense clause, or the serious drug offense provisions to be inapplicable. The record through direct appeal offers no clarification either because Alrdige's counsel filed an Anders[4] brief. (See Crim. Doc. 80; USCA Judgment). Thus, Alridge has not carried his burden of proving as a historical fact that this Court or the Eleventh Circuit Court of Appeals "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause." Beeman, 871 F.3d at 1221; see also Weeks, 930 F.3d at 1274-75. Because Alridge has not satisfied Beeman's first prong, he is not entitled to relief under Johnson.

But regardless of which ACCA provisions the Court relied on when it sentenced Alridge, he would still qualify as an armed career criminal today because he has three

[4] Anders v. California, 386 U.S. 738 (1967).

ACCA predicate convictions even without the residual clause. Those convictions are for (1) robbery, (2) the sale or delivery of cocaine, and (3) the possession of cocaine with intent to sell. The United States Supreme Court and the Eleventh Circuit have each held that robbery under Florida law is categorically a violent felony under the ACCA's elements clause because it has as an element the use, attempted use, or threatened use of physical force against another person. Stokeling v. United States, 139 S. Ct. 544, 554-55 (2019); United States v. Fritts, 841 F.3d 937, 939-44 (11th Cir. 2016); United States v. Seabrooks, 839 F.3d 1326, 1338-45 (11th Cir. 2016). The Eleventh Circuit has also held that a conviction under Florida law for the sale or delivery of cocaine, or for possession of cocaine with intent to sell or deliver, is a serious drug offense under the ACCA. United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014); United States v. Rivera, 291 F. App'x 295, 296 (11th Cir. 2008); United States v. Ferguson, 154 F. App'x 839, 843 (11th Cir. 2005). Thus, Alridge has three prior convictions without considering the residual clause that still make him eligible for the ACCA enhancement.

Alridge raises three arguments why his prior drug convictions do not qualify as serious drug offenses, but the Eleventh Circuit has rejected each one. First, Alridge argues that at the time he was convicted for the drug offenses, Florida Statute Section 893.13(1)(a), covered the purchase of a controlled substance or the possession with intent to purchase, and that the various acts prohibited by the statute (i.e., selling, purchasing, manufacturing, or delivering, or possessing with intent to do so), were alternative means rather than alternative elements. Memorandum at 3-8. Thus,

Alridge argues, the statute of conviction was both indivisible and broader than the ACCA's definition of a serious drug offense because it involved more than "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," 18 U.S.C. § 924(e)(2)(A)(ii). The Eleventh Circuit held otherwise in Spaho v. U.S. Att'y General, 837 F.3d 1172, 1177 (11th Cir. 2016), and United States v. Hart, 743 F. App'x 919, 921-22 (11th Cir. 2018). In Spaho, the Eleventh Circuit determined that the conduct elements of section 893.13(1)(a) are divisible, such that a court may consult Shepard-approved[5] sources to determine which of the prohibited acts formed the basis of a defendant's prior conviction. 837 F.3d at 1177. The Eleventh Circuit applied this principle in Hart to a defendant who was convicted under section 893.13(1)(a) at a time when the statute covered purchasing. Hart, 743 F. App'x at 921-22. The court concluded that the prior conviction qualified as a serious drug offense because the Shepard documents revealed that "the particular way in which he committed his offense constituted a 'serious drug offense' under ACCA." Id. at 921. See also United States v. Reed, 752 F. App'x 851, 856-57 (11th Cir. 2018) (holding that the defendant's prior conviction under the former version of section 893.13(1)(a) was a serious drug offense because the judgment stated that the defendant sold or delivered cocaine, not that he purchased cocaine), cert. granted, judgment vacated on other grounds, 139 S. Ct. 2776 (2019). Similarly, the uncontested facts, as reflected by the plea colloquy and the PSR, reflect that Alridge was convicted in 1988 for possessing cocaine with intent to sell and in 1990 for selling

---

5 Shepard v. United States, 544 U.S. 13 (2005).

or delivering cocaine. Plea Tr. at 15-16; PSR at ¶¶ 6, 38, 42.[6] Neither conviction involved merely purchasing or possessing with intent to purchase cocaine. Accordingly, these convictions qualify as ACCA serious drug offenses notwithstanding the fact that section 893.13(1)(a) formerly reached a simple purchase.

Second, Alridge argues that his prior drug convictions do not qualify as serious drug offenses because Florida law did not (and does not) require that the defendant receive remuneration. Memorandum at 8-10. The Eleventh Circuit has rejected this argument because "[t]he ACCA's definition of 'serious drug offense' is clear and unambiguous and neither expresses nor implies a remuneration requirement." United States v. Warren, 632 F. App'x 973, 975 (11th Cir. 2015); see also Reed, 752 F. App'x at 857 (rejecting a remuneration requirement for a conviction to qualify as a serious drug offense); United States v. Kelly, 677 F. App'x 633, 634 (11th Cir. 2017) (same). Indeed, nothing in the text of 18 U.S.C. § 924(e)(2)(A)(ii) suggests that a defendant must receive any type of compensation in order for a prior state-law conviction to qualify as a serious drug offense for purposes of the ACCA. The Court therefore declines to accept this argument.

Finally, Alridge argues that his prior drug convictions do not qualify as serious drug offenses because the statute of conviction "does not require proof that the defendant knew the illicit nature of the substances." Memorandum at 11. As Alridge acknowledges however, the Eleventh Circuit rejected this argument in United States

---

[6] In addition to Shepard documents, a court may base its decision to classify a prior conviction as an ACCA predicate on uncontested facts in the PSR. United States v. Beckles, 565 F.3d 832, 843-44 (11th Cir. 2009); United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006).

v. Smith, 775 F.3d 1262. Memorandum at 11. There, the Eleventh Circuit held that "[n]o element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by" the definition of a serious drug offense. Id. at 1267. As such, "[s]ection 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance." Id. at 1268. The United States Supreme Court approved of the Eleventh Circuit's reasoning in Smith in Shular v. United States, 140 S. Ct. 779, 787 (2020). Accordingly, this argument fails and the Court is bound to conclude that Alridge's 1988 and 1990 drug convictions are serious drug offenses.

Alridge thus has three ACCA qualifying convictions even after discounting the residual clause. Alridge's prior conviction for robbery is a violent felony under the ACCA's elements clause. The prior convictions for selling or delivering cocaine and possessing cocaine with intent to sell are serious drug offenses. Because Alridge's sentence does not depend on the residual clause, even today, Johnson affords him no relief. The § 2255 Motion is therefore due to be denied.

## III. Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Alridge "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Jeffrey Scott Alridge's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.
2. The Clerk is directed to enter judgment in favor of the United States and against Alridge, and close the file.
3. If Alridge appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of

appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of April, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner